# Exhibit 2



**JOHN D. LOVI**
MANAGING PARTNER

P: (212) 779 3070 x 104
F: (212) 779 3070
john@blackstone-law.com

September 14, 2020

<u>*Via Electronic Mail*</u>

Serena M. Orloff
Trial Attorney
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044

Re:   *Ryan v. Trump et al., No. 3:20-cv-05948-VC (N.D. Cal.)*

Dear Serena:

Thank you for your letter this morning regarding our TRO in the above-referenced matter. We have discussed the government's position with our client, and we think this represents a serious effort to avoid the need to litigate the motion before the Court tomorrow. However, there are several additional concerns addressed in our motion that are not resolved in your letter. Those concerns involve (i) the reputational injury that TikTok employees are facing because of the language of the Executive Order and the President's other statements regarding TikTok; and (ii) the issue of H-1B visas currently being held up in processing as a result of what we understand to be confusion about the breadth of the Executive Order.

If the Government would agree to make the following additional items part of its position, I believe we would have an agreement that would moot the need for our motion:

1. "The Department of Commerce and President of the United States wish to make clear that the "national security" concerns stated about the Chinese government and the PRC in Executive Order 13942 do not in any way extend to or are meant to reflect upon the integrity, patriotism, or reputation of any individual U.S. employee of TikTok, and any implication of such was unintentional and regretted."

2. "The Department of Commerce will take steps to inquire into and facilitate the processing of any outstanding H-1B visa applications of potential TikTok employees."

We hope that we are able to resolve the need for a TRO, and that the parties can focus on the main issue in the litigation, which centers on the constitutionality of the Executive Order.

Sincerely,

*[signature]*

John D. Lovi